**In re PRS INSURANCE GROUP, INC., et al., Debtors.**

**Sean C. Logan, in his capacity as Trustee of PRS Insurance Company, Inc., et al., Plaintiff,**

**v.**

**Credit General Insurance Co. and Credit General Indemnity Co., Defendants.**

**Bankruptcy No. 00–4070 (MFW).**

**Adversary No. 03–50408 (MFW).**

United States Bankruptcy Court,
D. Delaware.

June 11, 2003.

---

Maureen D. Luke, Esquire, Edward J. Kosmowski, Esquire, Matthew B. Lunn, Esquire, Young, Conaway, Stargatt & Taylor, LLP, Wilmington, DE, Harold S. Horwich, Esquire, Thomas J. Hennessey, Esquire, Bingham, Dana LLP, Boston, MA, for Sean C. Logan, Chapter 11 Trustee for PRS Insurance Group, Inc.

Steven K. Kortanek, Esquire, Klehr, Harrison, Harvey, Branzburg & Ellers LLP, Wilmington, DE, for Ann H. Womer Benjamin, Superintendent of Insurance, Ohio Department of Insurance, in her capacity as Liquidator of Credit General Insurance Company and Credit General Indemnity Company.

### *MEMORANDUM OPINION* [1]

MARY F. WALRATH, Bankruptcy Judge.

Before the Court is the Motion of Credit General Insurance Company and Credit General Indemnity Company (collectively "CGIC") to dismiss an adversary proceeding brought against it by the Chapter 11 Trustee ("the Trustee") of PRS Insurance Group ("PRS"). CGIC asserts that dismissal is warranted for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted because the McCarran–Ferguson Act divests this Court of jurisdiction. For the reasons set forth below, the Motion will be granted.

### I. *FACTUAL BACKGROUND*

PRS is a holding company which owns various companies engaged in the business of writing insurance and reinsurance policies and providing related services. CGIC is a PRS subsidiary. On June 6, 2000, CGIC was placed under state supervision by the Court of Common Pleas, Franklin County, Ohio ("the Ohio Court"), based on an investigation conducted by the Ohio Department of Insurance ("ODI"). The ODI alleged that CGIC's assets had been transferred and commingled with other PRS entities. Under the auspices of the Ohio Court, those assets were transferred back to CGIC.

On November 6, 2000, the Ohio Court ordered CGIC into statutory rehabilitation, which became a liquidation on January 5, 2001. Pursuant to the terms of the Liquidation Order, the Superintendent of the ODI, as Liquidator of CGIC, took control of and was vested with title to all CGIC assets. Ohio's liquidation scheme sets a time period in which all proofs of claim must be filed with the Liquidator. *See* Ohio Revised Code §§ 3903.22(B) & 3903.36. The Ohio Court fixed that deadline at January 31, 2002, and on that date, the PRS Trustee filed a proof of claim in the CGIC liquidation.

In the interim, on October 31, 2000, an involuntary Chapter 7 petition was filed against PRS. On January 19, 2001, the case was converted to Chapter 11. On June 1, 2001, Sean C. Logan was appointed as the Trustee in the PRS bankruptcy case. On June 8, 2001, the Trustee filed voluntary Chapter 11 petitions for eleven PRS subsidiaries. On April 30, 2002, CGIC filed a proof of claim against PRS in an amount in excess of $45,000,000. On January 22, 2003, PRS filed an objection to CGIC's proof of claim and initiated the adversary proceeding at issue here, seek-

---

**1.** This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

ing, *inter alia*, avoidance and recovery of preferential and/or fraudulent transfers.

## II. DISCUSSION

### A. Jurisdiction Generally

This Court has jurisdiction to decide what is property of the estate. *See* 28 U.S.C. § 157(b)(2)(A), (E), (O). We also have exclusive jurisdiction over property of the estate. *See id.* at § 1334(e). We also generally have jurisdiction to hear and decide preference and fraudulent conveyance actions. *Id.* at § 157(b)(2)(F) & (H). However, the Liquidator asserts that our exercise of subject matter jurisdiction in this adversary proceeding is "reverse preempted" by the McCarran–Ferguson Act. *See* 15 U.S.C. § 1101, *et seq.*

### B. Reserse Preemption

■ The McCarran–Ferguson Act provides that: "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012(b). In other words, a federal statute is reverse preempted under the McCarran–Ferguson Act if (1) the federal statute in question does not specifically relate to the business of insurance, (2) the state statute was enacted for the purpose of regulating the business of insurance, and (3) the federal statute would invalidate, impair or supersede the state statute. *See, e.g., In re Amwest Insurance Group*, 285 B.R. 447, 451 (Bankr.C.D.Cal. 2002).

The first factor is met here. The "bankruptcy statutes use general language that does not appear to 'specifically relate' to insurance." *Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25, 42, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996). In fact, the Bankruptcy Code expressly states that a domestic insurance company is *not* eligible for relief as a debtor. 11 U.S.C. § 109(b)(2). Thus, we conclude that the Bankruptcy Code does not specifically relate to the business of insurance.

■ With respect to the second factor, we conclude that the state statute at issue was enacted for the purpose of regulating the business of insurance. The Ohio statute provides for rehabilitation or liquidation of insurance companies. "The broad category of laws enacted 'for the purpose of regulating the business of insurance' consists of laws that possess the 'end, intention, or aim' of adjusting managing, or controlling the business of insurance." *United States Department of the Treasury v. Fabe*, 508 U.S. 491, 505, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993) (citation omitted). In *Fabe*, the Court addressed the exact statute at issue here and held that it preempted the federal statute (31 U.S.C. § 3713) which accords first priority to the United States. The Court held that the Ohio statute reverse preempted the federal statute under the McCarran–Ferguson Act to the extent that it protected policyholders. *Id.* at 493, 113 S.Ct. 2202. "Accordingly, Ohio may effectively afford priority, over the claims of the United States, to the insurance claims of policyholders and to the costs and expenses of administering the liquidation." *Id.* Therefore, the Ohio statute at issue here was enacted for the purpose of regulating the business of insurance.

■ Addressing the third factor, the Supreme Court recently defined the terms "invalidate," "impair" and "supersede." *See Humana, Inc. v. Forsyth*, 525 U.S. 299, 307–310, 119 S.Ct. 710, 142 L.Ed.2d 753 (1999). "The term 'invalidate' ordinarily means 'to render ineffective, generally without providing a replacement rule

or law.' ... And the term 'supersede' ordinarily means 'to displace (and thus render ineffective) while providing a substitute rule.'" *Id.* at 307, 119 S.Ct. 710 (citations omitted). The Court applied the following standard to determine whether a state's law was "impaired:" "[w]hen federal law does not directly conflict with state regulation, and when application of the federal law would not frustrate any declared state policy or interfere with a State's administrative regime, the McCarran–Ferguson Act does not preclude its application." *Id.* at 310, 119 S.Ct. 710.

 Applying that standard, we conclude that application of the Bankruptcy Code in the instant adversary *would* frustrate state policy and interfere with a State's administrative regime regulating insurance. Section 3903.42 of the Ohio Revised Code sets forth the priority of distribution of claims against an insurance company as follows: administrative expenses, claims under policies for losses incurred, claims of the federal government, debts due to employees for services rendered, claims of general creditors, claims of a state or local government, late-filed claims, surplus or contribution notes, and claims of shareholders or other owners. According to the Liquidator, a determination by this Court that some CGIC assets were improperly obtained and should be immediately transferred to PRS would violate the Ohio statute as PRS would receive payment ahead of creditors entitled to a higher priority under the state's liquidation scheme.

Ohio's policy of maximizing the return to CGIC's policyholders and its administrative scheme setting forth priority of payments would be frustrated by allowing PRS to use the Bankruptcy Code to recover property from CGIC and thus be paid with funds that would otherwise be paid to creditors under the priorities set forth un-

der the Ohio statute. Thus, we conclude that the Bankruptcy Code "impairs" the Ohio insurance liquidation statute at issue and is reverse preempted by the McCarran–Ferguson Act. As a result, we lack subject matter jurisdiction over the adversary proceeding and it must be dismissed.

### III. *CONCLUSION*

For the foregoing reasons, the Motion of Credit General Insurance Company to dismiss the adversary proceeding filed against it by PRS will be granted.